| | |
|---|---|
| 1 | **NORMAN YATOOMA & ASSOCIATES, P.C.** |
|   | NORMAN A. YATOOMA (PHV Pending) |
| 2 | ROBERT S. ZAWIDEH (PHV Pending) |
|   | 219 Elm Street |
| 3 | Birmingham, Michigan 48009-6306 |
| 4 | Telephone:    (248) 642-3600 |
|   | Facsimile:     (248) 642-3601 |
| 5 | E-mail:         zawideh@normanyatooma.com |
| 6 | **SEDGWICK, DETERT, MORAN & ARNOLD LLP** |
|   | JOSEPH KOURI  (SBN No. 133804) |
| 7 | 801 South Figueroa Street, 18th Floor |
|   | Los Angeles, California 90017-5556 |
| 8 | Telephone:    (213) 426-6900 |
|   | Facsimile:     (213) 426-6921 |
| 9 | E-mail:         joseph.kouri@sdma.com |
| 10 | Attorneys for Plaintiffs KAREN HAZELWOOD, |
|    | JEFFREY SPINELLO and THOMAS KINKADE AT THE |
| 11 | DOWNTOWN MALL, LLC, a Virginia Limited Liability Company. |

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN HAZELWOOD, JEFFREY SPINELLO and THOMAS KINKADE AT THE DOWNTOWN MALL, LLC, a Virginia Limited Liability Company, <br><br> Plaintiffs, <br><br> v. <br><br> THE THOMAS KINKADE COMPANY, FORMERLY KNOWN AS MEDIA ARTS GROUP, INC., a California Corporation and RICHARD F. BARNETT, <br><br> Defendants. | **CASE NO. 06-cv-07034-MHP** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD.** <br><br> [FILED CONCURRENTLY WITH NOTICE OF PETITION AND PETITION FOR CONFIRMATION OF ARBITRATION AWARD, DECLARATION OF ROBERT S. ZAWIDEH IN SUPPORT OF CONFIRMATION OF ARBITRATION AWARD AND PROPOSED ORDER OF JUDGMENT] <br><br> AAA Case Number: 74 114 01360 03 SAT |

-1-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' PETITION TO CONFIRM ARBITRATION AWARD.

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 4
    A.    STATEMENT OF FACTS ..................................................................... 4
    B.    PROCEDURAL BACKGROUND ......................................................... 5
II.   ARGUMENT ...................................................................................................... 5
III.  CONCLUSION ................................................................................................... 7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
PETITION TO CONFIRM ARBITRATION AWARD.

## TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

Allied-Bruce Terminix Cos. v. Dobson,
    115 S. Ct. 834 (1995)..................................................................................5

Burchell v. Marsh,
    58 U.S. 344 (1854)....................................................................................5, 6

Coast Trading Co. v. Pacific Molasses Co.,
    681 F.2d 1195 (9th Cir. 1982).....................................................................5, 6

Doctor's Associates, Inc. v. Casarotto,
    116 S. Ct. 1652 (1996)...............................................................................5


**FEDERAL STATUTES**

9 U.S.C. § 9..........................................................................................................4, 5

9 U.S.C. § 10........................................................................................................4, 6

9 U.S. C. § 11.......................................................................................................4, 6

28 U.S.C. § 1332......................................................................................................4

-3-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
PETITION TO CONFIRM ARBITRATION AWARD.

## I. INTRODUCTION

This memorandum is submitted on behalf of the Petitioners KAREN HAZLEWOOD, JEFF SPINELLO and THOMAS KINKADE AT THE DOWNTOWN MALL, LLC in support of their Petition pursuant to 9 U.S.C. § 9 to confirm an arbitration award. See Exhibit 1. The jurisdiction of this Court is invoked under Title 28, U.S. Code, §1332. There is complete diversity between Petitioners and Respondents and the amount in controversy exceeds $75,000, exclusive of interest and costs. The U. S. District Court for the Northern District of California is an appropriate venue for this Petition to Confirm Arbitration Award under 9 U.S.C. §10, as the award was made in San Francisco, California. This petition should be granted and the award confirmed into a judgment because the arbitration was in all respects proper and the award is final and binding.

### A. STATEMENT OF FACTS

The Petitioners and Respondent THE THOMAS KINKADE COMPANY entered into an agreement that provided that the parties would settle any dispute as follows:

> THE PARTIES AGREE THAT ALL DISPUTES BETWEEN THEM SHALL FIRST BE SUBMITTED FOR INFORMAL RESOLUTION TO THEIR CHIEF EXECUTIVE OFFICERS, OR IF NO CHIEF EXECUTIVE OFFICER, TO THE OWNERS. ANY REMAINING DISPUTE SHALL BE SUBMITTED TO A PANEL OF THREE (3) ARBITRATORS WITH EACH PARTY CHOOSING ONE (1) PANEL MEMBER, AND THE THIRD PANEL MEMBER BEING CHOSEN BY THE FIRST TWO (2)

-1-

> PANEL MEMBERS. THE PROCEEDINGS SHALL BE CONDUCTED IN ACCORDANCE WITH THE COMMER-CIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION. THE AWARD OF THE ARBITRATORS SHALL INCLUDE A WRITTEN EXPLANATION OF THEIR DECISION. THIS ARB-ITRATION PROCEEDING WILL BE BINDING UPON THE PARTIES. [Emphasis in original].

## B. PROCEDURAL BACKGROUND

On or about September 26, 2003, Petitioners filed their Claim in Arbitration seeking damages from the Respondents. On or about November 18, 2003, Respondents filed their Answer to Claim and Counterclaim seeking damages from the Petitioners. Arbitrators were assigned to the Claim and Counterclaim in this matter in accordance with the arbitration agreement, were duly sworn, have examined the submissions, proofs and allegations of the parties and conducted 29 days of evidentiary hearings in San Francisco and Santa Monica, California receiving live or deposition testimony from 22 witnesses. On February 23, 2006, the arbitration panel issued an Interim Award for the Petitioner on the claim of fraud by clear and convincing evidence, found Petitioners to be the prevailing party and established a procedure for the submission of evidence and argument as to fees and costs. On October 4, 2006, the arbitrators assigned to this matter issued Petitioners a Final Award of $2,146,663.99 and dismissed the Counterclaim of the Respondents. On or about November 13, 2006, the Respondents filed a Motion to Vacate Arbitration Award. Petitioner now moves to confirm this award.

## II. ARGUMENT

The Federal Arbitration Act, 9 U.S.C. § 9, provides that "within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected." Accordingly, absent a finding that supports the limited bases for vacation, modification or correction, the court has the obligation to confirm Petitioners' arbitration award into a judgment. See *Doctor's Associates, Inc. v. Casarotto*, 116 S. Ct. 1652, 1657 (1996) (stating the purpose of the Federal Arbitration Act is to ensure that private agreements to arbitration are enforced); and *Allied-Bruce Terminix Cos. v. Dobson*, 115 S. Ct.

834, 838 (1995) ("[T]he basic purpose of the Federal Arbitration Act is to overcome courts' refusals to enforce agreements to arbitrate").

The standard of review of an arbitrator's decision by the court is very narrow. The scope of review is limited and the court will not examine the validity of the decision except to the extent that the award exceeds the agreement of the parties. See *Burchell v. Marsh*, 58 U.S. 344, 349 (1854) (stating the appropriate scope of judicial review is whether the award is the honest decision of the arbitrator, made within the scope of the arbitrator's power, and that a court will not otherwise set aside an award for error, either in law or fact); *Coast Trading Co. v. Pacific Molasses Co.*, 681 F.2d 1195, 1197-98 (9th Cir. 1982).

Here, the arbitrators, having considered the pleadings and other evidence presented at the hearing, determined that Respondents were liable to Petitioners for $2,146,199.54 and dismissed the Counterclaim of the Respondents. Although the Respondents have brought a Motion to Vacate the Award, there are no grounds for vacating, modifying or correcting the award as enumerated in 9 U.S.C. §§ 10-11 which exist and this court should confirm the award as requested by Petitioners.

///
///
///
///
///
///
///
///
///

### III. CONCLUSION

Petitioners respectfully requests an order confirming the arbitration award into a judgment in the amount of $2,146,199.54 for Petitioners KAREN HAZLEWOOD, JEFF SPINELLO and THOMAS KINKADE AT THE DOWNTOWN MALL, LLC and against Respondents THE THOMAS KINKADE COMPANY and RICHARD F. BARNETT.

DATED: December 8, 2006    SEDGWICK, DETERT, MORAN & ARNOLD, LLP

By: _____
Joseph Kouri
Co-Counsel for Petitioners,
KAREN HAZELWOOD, JEFF SPINELLO and
THOMAS KINKADE AT THE DOWNTOWN
MALL, LLC

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
PETITION TO CONFIRM ARBITRATION AWARD.