**NORMAN YATOOMA & ASSOCIATES, P.C.**
NORMAN A. YATOOMA (PHV Pending)
ROBERT S. ZAWIDEH (PHV Pending)
219 Elm Street
Birmingham, Michigan 48009-6306
Telephone:    (248) 642-3600
Facsimile:    (248) 642-3601
E-mail: zawideh@normanyatooma.com

**SEDGWICK, DETERT, MORAN & ARNOLD LLP**
JOSEPH KOURI  (SBN No. 133804)
801 South Figueroa Street, 18th Floor
Los Angeles, California 90017-5556
Telephone:    (213) 426-6900
Facsimile:    (213) 426-6921
E-mail: joseph.kouri@sdma.com

Attorneys for Defendants/Petitioners KAREN HAZELWOOD, JEFFREY SPINELLO and THOMAS KINKADE AT THE DOWNTOWN MALL, LLC, a Virginia Limited Liability Company.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE THOMAS KINKADE COMPANY, FORMERLY KNOWN AS MEDIA ARTS GROUP, INC., a California Corporation and RICHARD F. BARNETT,<br><br>           Plaintiffs,<br><br>    v.<br><br>KAREN HAZELWOOD, JEFFREY SPINELLO and THOMAS KINKADE AT THE DOWNTOWN MALL, LLC,  a Virginia Limited Liability Company,<br><br>           Defendants. | CASE NO. 06-cv-07034-MHP<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTIONS FOR LEAVE TO CONDUCT LIMITED DISCOVERY AND TO SHORTEN TIME TO RESPOND MOTION FOR LEAVE TO CONDUCT DISCOVERY.**<br><br>[FILED CONCURRENTLY WITH (1) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS FOR LEAVE TO CONDUCT LIMITED DISCOVERY AND TO SHORTEN RESPONSE TIME, AND (2) DECLARATION OF ROBERT S. ZAWIDEH] |

Defendants Karen Hazlewood, Jeff Spinello and Thomas Kinkade at the Downtown Mall, L.L.C., respond to Plaintiffs' Motion to Shorten Time for Briefing and Hearing [Motion to Shorten Time] and to Plaintiffs' Motion for Leave to Take Limited Discovery Re: Fraudulent Fee Application in Underlying Arbitration [Plaintiffs' Motion for Discovery] as follows:

1. This Court should deny the Motion to Shorten Time and the underlying Motion for Discovery since both are based on a false premise. The Arbitration Award which Plaintiffs seek to vacate or reopen did NOT base its award of attorney fees on the invoices or time submissions of Defendants' counsel. The Arbitration Panel's determination of attorney fees was instead based upon "the reasonable value of the services rendered in this proceeding". Accordingly, the Arbitration Panel's determination of attorney fees was formulated on "a reasonable fee based on the scope of the representation, the extent of the effort, the appropriate hourly rates for counsel and staff and other relevant factors, including the discussion of sanctions" as unilaterally determined by the Majority of the Arbitration Panel. See Exhibit 1 to Memorandum, October 4, 2006 Final Award at pp. 13-14. Therefore, the discovery requested by Plaintiffs seeking background information pertaining to invoicing and time-keeping by Defendants' attorneys was not a relevant factor to the award of Defendants' attorney fees and should not be the subject of further discovery.

2. This Court should deny the Motion to Shorten Time which is based on the premise that if the motion is not granted that the Defendant will destroy documents and intimidate potential witnesses for the following reasons:

    a. There is no competent evidence before the Court that counsel for Defendants has or will destroy documents or intimidate former employees or witnesses. The affidavit produced

by opposing counsel Iwrey is completely silent as to document destruction and only speaks in exaggerated terms to treatment (deservedly) received by opposing counsel in a different proceeding. The affidavit from the former employee of counsel for Defendants is equally non-credible for various reasons. The affidavit purports no more than to overhear a heated discussion among the attorneys of the Defendant (the contents of which were not discernible to Ms. Connolly). Importantly, it fails to disclose that Ms. Connolly has an "axe to grind" with counsel for Defendants and personal reasons to embellish or falsify. Ms. Connolly has been bound over to the Oakland County Circuit Court on charges of embezzlement from counsel's firm and was recently arrested pursuant to a bench warrant for failure to appear in such proceedings. A copy of the Oakland County Circuit Court Docket Sheet which tracks the progress of Ms. Connolly's criminal case for embezzlement is attached as Exhibit 2 to Memorandum. Ms. Connolly is not a credible affiant and under the guise of "intimidation" in this case is actually seeking sanctuary from the prosecution of her criminal proceedings.

Notably, Plaintiffs have failed to produce a single affidavit from a person with direct knowledge of the extreme and outrageous facts averred to support their allegations. Further, those witnesses are likewise not credible and have axes to grind. If the Court deems discovery necessary, further information on this topic will be produced.

b.  Plaintiffs in their pleadings scarcely mention that they have already engaged in extensive discovery on the issue of attorney fees. During the arbitration in this matter, Plaintiffs took the depositions of Defendants, counsel for the Defendants and the office personnel of counsel and received numerous documents including billing sheets, invoices and fee agreements. See Exhibit 1 to Memorandum, October 4, 2006 Final Award at p. 13. Plaintiffs have already

had their discovery on this issue and had ample time and opportunities during the arbitration proceedings to uncover such fraud, if it existed, but failed to do so. Plaintiffs have failed to cite to the Court any reason or rationale as to why its latest line of inquiry was not discovered and pursued months ago during the discovery phase of the active arbitration proceedings.

      c.    Plaintiffs have already brought the same or substantially similar claims of alleged billing fraud to the attention of the Arbitration Panel. At the arbitration, Plaintiffs interrogated the Defendants, counsel for the Defendants, office personnel of counsel and an expert witness (Kenneth Moscaret) to support their arguments that counsel for Defendants were not entitled to any attorney fees due to billing fraud. Plaintiffs argued and briefed the same issue to the Panel. Such claims were considered and addressed in the Final Award at pp. 13-14. See Exhibit 1 to Memorandum. Please note that although the Arbitration Panel determined that the billing methodology of Defendants' counsel was not reliable in the eyes of the Panel, it was nevertheless irrelevant because *the Arbitration Panel did not use the billing methodology as the basis for their award of attorney fees* to Defendants. See pp. 13-14 of Exhibit 1 to Memorandum. The fee formula actually used by the Arbitration Panel resulted in a substantial reduction (over 65% reduction) from the attorney fees sought by the Defendants.

      d.    Plaintiffs' tardy discovery of "new information" of irregularities and recitations of discussions with potential witnesses, if accurate, contradicts their very argument that the "new information" was unavailable while the arbitration was open and that potential witnesses who neither know nor have had previous contact with Plaintiffs' counsel are reluctant to speak out to practically anyone on these issues. At best, Plaintiffs' tardy discovery of "new information" demonstrates a lack of due diligence on their part and is little more than a thinly veiled attempt to

-4-

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTIONS FOR LEAVE TO CONDUCT LIMITED DISCOVERY AND TO SHORTEN RESPONSE TIME TO MOTION FOR LEAVE TO CONDUCT DISCOVERY

freeze the confirmation of the arbitration award.

Therefore, Defendants KAREN HAZLEWOOD, JEFF SPINELLO AND THOMAS KINKADE AT THE DOWNTOWN MALL, L.L.C., respectfully request this Court to:

A. Deny the Motion to Shorten Time with Prejudice;

B. Deny the Motion to Take Discovery with Prejudice;

C. Award Defendants litigation costs, expenses and attorney fees for securing the above relief; and

D. Grant them further relief in accordance with principles of equity and justice.

DATED: December 15, 2006           SEDGWICK, DETERT, MORAN & ARNOLD, LLP


                                   By:   /s/ Joseph Kouri
                                         Joseph Kouri, Esq.
                                         Co-Counsel for Petitioners,
                                         KAREN HAZELWOOD, JEFF SPINELLO and
                                         THOMAS KINKADE AT THE DOWNTOWN
                                         MALL, LLC

-5-
DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTIONS FOR LEAVE TO CONDUCT LIMITED DISCOVERY AND TO SHORTEN RESPONSE TIME TO MOTION FOR LEAVE TO CONDUCT DISCOVERY