UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE THOMAS KINKADE COMPANY, f/k/a
MEDIA ARTS GROUP, INC., a California
corporation and RICHARD F. BARNETT,

    Plaintiffs,

    v.

KAREN HAZLEWOOD, JEFF SPINELLO, and
THOMAS KINKADE AT THE DOWNTOWN
MALL, LLC, a Virginia corporation,

    Defendants.

No. C 06 7034 MHP

**MEMORANDUM & ORDER**
**Re: Plaintiffs' Motion for Leave to Take Limited Discovery**

Plaintiffs The Thomas Kinkade Company ("TKC") and Richard F. Barnett (collectively "plaintiffs"), filed this action against Karen Hazlewood, Jeff Spinello and Thomas Kinkade at the Downtown Mall (collectively "defendants"), seeking to vacate an arbitration award in favor of defendants. Now before the court is plaintiffs' motion for leave to take limited discovery regarding allegedly fraudulent conduct by defense counsel in connection with their application for attorneys' fees in the underlying arbitration. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

This motion is narrowly addressed to the arbitration panel's award of attorneys' fees in the underlying arbitration, which was one part of the panel's overall award in favor of defendants. The panel awarded defendants $900,000 in attorneys' fees. Plaintiffs assert that defense counsel engaged

in fraudulent conduct in petitioning for these fees, and that limited discovery is necessary to fully uncover this fraud and challenge the fee award.

In the proceeding below, plaintiffs took discovery related to defense counsel's billing practices in support of its argument that defendants' fee petition was fraudulent. Levitt Dec., ¶ 2. Plaintiffs presented evidence that defense counsel's practices were unreliable, and the panel agreed. Defendants had requested $2,669,016.25 in fees, "based on about 7,000 hours of attorney and law clerk time billed at $425–$475 for attorneys and $125–$150 for law clerks and paralegals." Final Award at 13. The majority noted that there were no contemporaneously created time sheets or pre-bills to substantiate these fees, but rather time was communicated by e-mail or audio tape to the office manager who erased or deleted the recordings after time was entered. Id. The majority held that if this system "were established as reliable and genuine, under California law, it could provide an evidentiary basis for the application." Id. The majority held, however, that this system was not reliable, and that "many of the fee entries are obviously unsupportable." Id. at 13–14. The majority nonetheless decided to award attorneys' fees to defendants, believing that "to deny Claimants' Counsel any fees whatsoever would be arbitrary and demonstrate a sense of strong bias in favor of Respondents." Id. at 14. The majority awarded defendants $900,000, arriving at this number "based upon reasonable time and effort which amount is then reduced further by certain amounts for sanctions imposed during the course of the matter against Claimants' counsel."[1] Id. The dissent rejected this approach, claiming that "[t]he proper remedy when knowingly false support is offered for a claimed reimbursement is to deny the reimbursement entirely rather than to try, as the Majority did, to figure out what was reasonable in the circumstances . . . ." Dissent at 11. The dissent therefore would have denied attorneys' fees outright. Id.

Plaintiffs assert that, after the arbitration award was entered, plaintiffs' counsel learned the identities of certain former employees of defense counsel's firm that may have information about the firm's billing practices and possibly fraudulent conduct. These former employees include two former office managers, a former executive assistant to the firm's lead attorney, Norman Yatooma, and a former attorney from the firm who was involved in the arbitration. Plaintiffs assert that three

2

of these four witnesses have refused to provide declarations, but have stated that they will testify if subpoenaed. Defense counsel, meanwhile, has threatened two of these former employees with litigation if they disclose any confidential information. Supp. Levitt Dec., Exhs. 1 & 2. Plaintiffs therefore claim that limited discovery is necessary to compel these witnesses to provide testimonial and documentary evidence related to defense counsel's allegedly fraudulent billing practices and false representations to the panel.

LEGAL STANDARD

In the context of a post-arbitration judicial proceeding, discovery is "available only in limited circumstances, where relevant and necessary to the determination of an issue raised by such an application." Frere v. Orthofix, Inc., No. 99CIV.4049(RMB)(MHD), 00CIV.1968(RMB)(MHD), 2000 WL 1789641, at *4 (S.D.N.Y. Dec. 6, 2000). "In judging discovery requests in this context, the court must weigh the asserted need for hitherto undisclosed information and assess the impact of granting such discovery on the arbitral process." Id. at 5. This is a practical inquiry, assessing the specific issues raised by the challenging party and the extent to which "those issues implicate factual questions that cannot be reliably resolved without some further disclosure." Id. When fraud by a party is discoverable during an arbitration proceeding, a district court does not abuse its discretion in denying discovery related to that fraud. O.R. Securities, Inc. v. Prof'l Planning Assocs., Inc., 857 F.2d 742, 749 (11th Cir. 1988); see also A.G. Edwards & Sons, Inc. v. McCollough, 967 F.2d 1401, 1404 (9th Cir. 1992) (holding that, where "fraud or undue means is not only discoverable, but discovered and brought to the attention of the arbitrators," such misconduct cannot support the vacation of an arbitration award). Parties therefore must exercise due diligence in discovery during the arbitration proceedings before seeking discovery post-arbitration. Empresa Constructora Contex Limitada v. Iseki, Inc., 106 F. Supp. 2d 1020, 1025 (S.D. Cal. 2000).

When a party seeks discovery in support of an allegation of impropriety on the part of an arbitrator, the moving party must first show "clear evidence of impropriety." Id.. A lesser showing is required for issues unrelated to arbitrator misconduct. Frere, 2000 WL 1789641 at *5.

3

DISCUSSION

Plaintiffs assert that the requested discovery is necessary because it will support a reversal of the panel's attorneys' fee award, and that the recently discovered information was not available during the proceedings below. Defendants dispute both of these assertions, claiming that the panel fully addressed the issue of billing fraud and, in any case, did not base its fee award on any evidence proffered by defendants, but rather determined the award based on a reasonable fee for work performed.[2]

I.   Prior Discovery Related to Fraud

Defendants claim that, because the issue of billing fraud was considered by the arbitration panel below, plaintiffs cannot raise the issue of fraud in post-arbitration proceedings, and discovery related to fraud is therefore inappropriate. As a general matter, issues that are considered and decided on the merits by an arbitration panel are not subject to re-litigation at the district court level. O.R. Securities, 857 F.2d at 748 (the fact that an issue was "clearly presented to the arbitrators and the arbitrators declined to state reasons for their conclusions" ended the inquiry regarding whether the district court abused its discretion in denying discovery); see also Kotakis v. Gruntal & Co., No. C 97-0202 CRB, 2000 WL 1006541, at *4 (N.D. Cal. July 11, 2000) (Breyer, J.) (holding that the examples of fraud and undue means that had been presented to the arbitrators could not support an order vacating the arbitration award).

Here, the specific instances of fraud and misconduct that plaintiffs assert were never presented to the arbitration panel. Significantly, however, plaintiffs did present substantial evidence to the panel related to billing fraud, and the panel explicitly found that defense counsel's billing records were unreliable and unsupportable. The panel therefore considered billing fraud, though not the specific allegations to which the instant discovery request is directed. The question, therefore, is whether plaintiffs could have discovered the information from defense counsel's former employees through the exercise of due diligence in the proceedings below.

4

1  Plaintiffs claim that the specific instances of fraud it seeks to uncover were not discoverable
2  during the proceedings below because defense counsel actively concealed it during those
3  proceedings, and that the testimony of newly discovered witnesses will support that contention.
4  Plaintiffs further assert that their decision to depose only Mr. Yatooma and his firm's current office
5  manager was reasonable, as plaintiffs had no reason to believe that former employees had different
6  information or that the witnesses they deposed would lie under oath.  Plaintiffs further argue that
7  they "could not pick up the phone and call the Yatooma Firm's law offices and ask to speak to each
8  employee."  The court finds that plaintiffs acted diligently in the arbitration proceedings, and should
9  be permitted to explore relevant information that they obtained after the final award was issued.

II.  Relevance of Discovery Sought

Defendants further challenge plaintiffs' request for discovery on the grounds that defense counsel's billing records ultimately proved to be irrelevant to the panel's attorneys' fee award. Defendants assert that the panel's award was based entirely upon "reasonable time and effort." Award at 14.  Because the panel explicitly rejected defendants' proposed fee evidence, defendants assert that allowing discovery directed toward this evidence would shed no light on the propriety of the attorneys' fee award.  Plaintiffs respond that the issue is whether the challenged award "was procured by corruption, fraud, or undue means," not whether the award itself was fraudulent.  See 9 U.S.C. § 10(a)(1).  An award may be "procured by" fraud where "fraud prevents the panel from considering a significant issue to which it does not otherwise enjoy access."  Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex., 915 F.2d 1017, 1022 (5th Cir. 1990)

In support of their contention that the attorneys' fee award was procured by fraud, plaintiffs assert that defense counsel lied regarding the availability of contemporaneous time records and pre-bills, and that the panel relied on the absence of such records in reaching its ultimate award based on "reasonableness."  The arbitration panel acknowledged that defendants' billing evidence was unreliable and unsupportable, and stated that it "share[d] certain of the views of the dissent regarding the excesses of Claimant's Counsel in its request for fees."  Final Award at 14.  The panel

5

nonetheless awarded $900,000 in attorneys' fees, demonstrating not only that it did not require reliable evidence to support such an award but that it was willing to countenance a certain degree of misrepresentation by defense counsel without denying attorneys' fees. However, given the seriousness of the allegations raised by plaintiffs in their discovery request, the court finds that it is likely the panel would have acted differently if such allegations had been raised and proven during the proceedings below. At the very least, the panel might have increased its monetary sanctions and reduced its ultimate attorneys' fee award. Furthermore, the court as guardian of the integrity of the arbitration process and the integrity of the court's confirmation or vacation of the arbitration award must satisfy itself that the award was not infected by fraud by either the parties or counsel. Therefore, the court finds that plaintiffs should be permitted to pursue discovery and attempt to prove their case of newly discovered billing fraud.

CONCLUSION

For the reasons stated above, the court GRANTS plaintiffs' motion for leave to take limited discovery. At the hearing on this motion the parties agreed to the scope of discovery and a schedule for its completion. The parties are bound by those limitations.

IT IS SO ORDERED.

Dated:   January 25, 2007

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

**ENDNOTES**

1. The majority also stated its belief that the dissenting Arbitrator has agreed to reduce the Claimants' fee request by two thirds, which would be approximately $900,000. The panel's award therefore appears to be tied to the dollar amount of defendants' fee request, though not to defendants' evidence in support of that request.

2. Defendants also attack the credibility of plaintiffs' newly identified witnesses and their statements. Credibility, however, is best addressed in the context of *conducting* discovery rather than in deciding whether discovery should be permitted.