<div style="float:left">UNITED STATES DISTRICT COURT<br>For the Northern District of California</div>

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE THOMAS KINKADE COMPANY, f/k/a MEDIA ARTS GROUP, INC., a California corporation and RICHARD F. BARNETT,<br><br>    Plaintiffs,<br><br>    v.<br><br>KAREN HAZLEWOOD, JEFF SPINELLO, and THOMAS KINKADE AT THE DOWNTOWN MALL, LLC, a Virginia corporation,<br><br>    Defendants. | No. C 06 7034 MHP<br><br>**MEMORANDUM & ORDER**<br>Re: Defendants' Motion to Direct a Rehearing |

Plaintiffs The Thomas Kinkade Company and Richard F. Barnett (collectively "plaintiffs") have appealed an arbitration award issued in favor of Karen Hazlewood, Jeff Spinello and Thomas Kinkade at the Downtown Mall, LLC (collectively "defendants") in October 2006. This court issued an order granting plaintiffs' motion to vacate the award on June 6, 2007. Defendants now move the court to direct a rehearing before the Arbitration Panel ("the Panel"). Having considered the arguments of the parties and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

The background of the dispute between plaintiffs and defendants is set forth in this court's previous Order on Plaintiffs' Motion to Vacate Arbitration Award, Docket Entry 167 ("Vacatur

1  Order"). The action before this court arises from a Final Arbitration Award issued in favor of
2  defendants in October 2006. Plaintiffs filed a motion to vacate the arbitration award on November
3  13, 2006, and defendants filed a motion to confirm the arbitration award on December 8, 2006. This
4  court entered an order granting plaintiffs' motion on June 6, 2007.

5  In its Vacatur Order, this court found several grounds for vacatur. First, the court found that
6  the Panel exceeded its authority by awarding damages in the form of lost profits. Vacatur Order at
7  16. The court held that the lost profits award was barred by a contractual damages limitation, and
8  that "the damages limitation provision was a valid circumscription of the Panel's authority, which
9  remained operative as part of the valid arbitration agreement." Id. Second, the court found that the
10 Panel lacked authority to shift non-neutral arbitrator fees to plaintiffs. Id. Finally, the court held
11 that, in determining that plaintiffs were liable for fraud, "the majority improperly relied on
12 allegations and evidence related to a pleading that the Panel had explicitly rejected, without
13 affording plaintiffs an opportunity to conduct discovery or present evidence in rebuttal." Id. at 21.
14 Because of this denial of a proper hearing, the court held that the entire award must be vacated. Id.
15 at 28.

16 Defendants filed a motion for reconsideration of the Vacatur Order on July 5, 2007, which
17 the court denied the following day. Defendants now move the court to direct a rehearing before the
18 Arbitration Panel.

19

20 LEGAL STANDARD

21 The Federal Arbitration Act ("FAA"), 9 U.S.C. sections 1 et seq., governs district court
22 review of decisions by an arbitration panel. "If an award is vacated and the time within which the
23 agreement required the award to be made has not expired, the court may, in its discretion, direct a
24 rehearing by the arbitrators." 9 U.S.C. § 10(b). However, "[a]rbitrators are not and never were
25 intended to be amenable to the 'remand' of a case for 'retrial' in the same way as a trial judge."
26 McClatchy Newspapers v. Central Valley Typographical Union No. 46, 686 F.2d 731, 733 (9th Cir.
27 1982) (quoting Washington-Baltimore Newspaper Guild, Local 35 v. Washington Post Co., 442 F.2d
28

1234, 1238 (D.C. Cir. 1971)).  Remand is appropriate, therefore, to allow an arbitrator to "correct a mistake which is apparent on the face of his award, complete an arbitration if the award is not complete, [or] clarify an ambiguity in the award."  Id. at 734 n.1.  Remand is inappropriate for the purposes of "reexamination of the merits, or a modification of the award."  Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 299 F.3d 769, 780 (9th Cir. 2002), vacated on other grounds, 347 F.3d 987 (9th Cir. 2003).

DISCUSSION

I.   Procedural Challenges

Plaintiffs raise three procedural challenges to defendants' motion.  These challenges merit little discussion.  First, plaintiffs claim that the "time within which the agreement required the award to be made" has expired, and therefore remand is unavailable.  Plaintiffs rely on the fact that the arbitration agreement specified that the arbitration would be governed by the AAA rules, and that AAA Rule R-41 places a thirty-day time limit on the making of an award.  See Vacatur Order at 17.  This court has previously declined to treat Rule R-41 as a rigid bar in this action.  Id. at 19.  Furthermore, the AAA rules themselves acknowledge the possibility of subsequent legal action, and it is therefore unreasonable to presume that the thirty-day time limit, which is incorporated into the arbitration agreement by reference only, acts as an agreement to forestall remand to the arbitrators.  See AAA Rules 46 & 47.

Second, plaintiffs assert that the instant motion is a motion for reconsideration which has been improperly filed without leave.  The court fails to see how this motion qualifies as a motion for reconsideration.

Finally, plaintiffs assert that defendants are barred from pursuing the instant motion by the doctrine of judicial estoppel, which in certain circumstances prevents parties from taking inconsistent positions during the course of a single litigation.  See New Hampshire v. Maine, 532 U.S. 742, 749 (2001).  This argument, too, is unavailing.  Plaintiffs' previous attempt to confirm the arbitration award is not clearly inconsistent with its current attempt to remand the matter to the Panel

3

1  to correct the defects identified in this court's Vacatur Order.  Additionally, judicial estoppel
2  requires the court to have adopted the previous inconsistent position.  Although defendants offer a
3  very loose interpretation of this requirement, the fact remains that this court denied defendants' prior
4  motion and vacated the arbitration award in its entirety.

5  Accordingly, this motion is procedurally proper.  The court therefore considers whether
6  remand is appropriate under the FAA.

II.     Remand

The parties disagree as to the correct standard to be applied when considering a section 10(b) motion.  Plaintiffs rely heavily on the doctrine of *functus officio*, which generally provides that once an arbitration panel has issued a decision regarding the issues submitted, the panel lacks any power to reexamine that decision.  See, e.g., Colonial Penn Ins. Co. v. Omaha Indem. Co., 943 F.2d 327, 331–332 (3d Cir. 1991).  Defendants, in response, cite cases from other jurisdictions holding that the doctrine has limited applicability.  For example, in Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union v. Excelsior Foundry Co., 56 F.3d 844, 846 (7th Cir. 1995), Judge Posner described the doctrine as "riddled with exceptions" and "hanging on by its fingernails," and questioned whether the doctrine still exists in the context of labor arbitration.

Turning to Ninth Circuit authority, it is clear that this Circuit does not share Judge Posner's hostility toward the finality of arbitrator jurisdiction, and allows for remand only in cases where some discrete error or ambiguity remains to be resolved by the Panel.  For example, in Sunshine Mining Co. v. United Steelworkers of Am., 823 F.2d 1289, 1295 (9th Cir. 1987), the court held that remand to the arbitrator was required because the lack of a psychiatric examination had rendered the award "incomplete," and thus the arbitrator had not rendered a "complete determination of the issue submitted."  Conversely, in McClatchy Newspapers, 686 F.2d at 734 n.1, the court held that the exceptions to the rule against arbitrator reexamination did not apply because the party seeking remand sought to "introduce new evidence for the specific purpose of convincing the arbitrator that his decision was erroneous."

4

Accordingly, remand in the instant action is appropriate only if defendants can identify a specific error, incompleteness, or ambiguity in the Panel's final award. Defendants have identified three issues which they claim should be resubmitted to the Panel: (1) defendants' claim of fraud in the inducement; (2) damages for the contract and tort claims; and (3) the limitation on damages for lost profits.

This court previously held that the Panel reached its finding of fraud in the inducement based on improper reliance on allegations pled only in defendants' rejected Second Amended Claim, without affording plaintiffs an opportunity to present their own evidence regarding these allegations. Defendants claim that the matter of fraud in the inducement should be remanded to the Panel so that the Panel may either render an award based solely on the First Amended Claim, or allow plaintiffs to present additional evidence. Under McClatchy Newspapers, however, remand to an arbitration panel to consider additional evidence is improper. The Panel in this action fully, albeit improperly, adjudicated defendants' fraud claim, and therefore its errors in disposing of the claim cannot be cured on remand.

Turning to the contract and tort claims, the Panel found that plaintiffs had breached the covenant of good faith and fair dealing, and had intentionally interfered with defendants' advantageous business relationships. First Levitt Dec., Exh. 1 ("Final Award") at 7–8. The factual bases for these holdings were separate from the problematic factual allegations in the Second Amended Claim that formed the basis for the improper fraud holding. Id. In fact, this court's Vacatur Order made no mention of these additional claims, nor did the parties raise this distinction at any point during the instant litigation. This was likely due to the fact that the Panel did not award any damages based on these additional findings because defendants "could not adequately demonstrate any other damages than they had already sustained for fraud in the inducement." Id. at 7 & 8. Defendants now claim that there were damages attributable to the tort and breach of contract claims, and remand is necessary to determine what those damages are. Plaintiffs argue that this court's prior order vacated the entire award, and therefore the tort and contract findings have been held to be invalid.

5

Although this court did vacate the entire Final Award, the rationale for this holding was the denial of a hearing based on the fraud claim. The propriety of the hearing with respect to the tort and contract claims was never argued before this court, and this court has made no findings in that regard. The Final Award suggests that a certain amount of non-delineated damages were attributable to plaintiffs' breach of contract and tortious conduct, but is wholly ambiguous as to the extent and allocation of these damages. Accordingly, remand is appropriate for these damages to be determined. In determining these damages, the Panel may not consider any factual allegations not raised in the Second Amended Claim.

Finally, defendants argue that the Panel should be allowed to reconsider the damages limitation. This court has previously held as a matter of law that the contractual limitation barring an award of damages for lost profits was valid and applicable to the underlying arbitration. The Panel is not entitled to revisit this issue.

A final issue to be decided is whether the rehearing should be conducted before the panel that conducted the original arbitration. Defendants assert that remand to the original panel is appropriate to avoid a costly re-litigation of the entire lengthy arbitration proceeding. Plaintiffs assert that remand to the original panel would be prejudicial, largely for the reasons identified in defendants' previous submissions concerning apparent bias on the part of the arbitrators. While defendants have not provided sufficient evidence to support a finding of arbitrator bias or corruption justifying vacatur on those grounds, the record in this matter discloses a pattern of shenanigans and open acrimony among all parties involved that leaves this court hesitant to entrust further proceedings to the original arbitration panel. The specific issues to be decided on remand are sufficiently narrow to avoid the necessity of a full protracted litigation before a new panel. Accordingly, the remanded arbitration proceedings will take place before a new panel, to be chosen in accordance with the arbitration agreement.

CONCLUSION

For the foregoing reasons, plaintiffs' motion to direct a rehearing is GRANTED. The rehearing will be limited solely to the issues of (1) damages, if any, attributable to the Panel's finding of breach of the covenant of good faith and fair dealing and (2) damages, if any, attributable to the Panel's finding of interference with advantageous business relationship. A new and different arbitration panel shall be chosen for the hearing on these issues, and the evidence considered will be limited solely to evidence previously submitted to the original arbitration panel related to the factual allegations in the First Amended Claim.

IT IS SO ORDERED.

Dated: August 29, 2007

MARILYN HALL PATEL
United States District Court Judge
Northern District of California