McDERMOTT WILL & EMERY LLP
Dana N. Levitt (State Bar No. 077180)
Charles Weir (State Bar No. 211091)
Jeffrey N. Goldberg (State Bar No. 217555)
2049 Century Park East, 34th Floor
Los Angeles, CA 90067.3208
Telephone: 310.277.4110
Facsimile: 310.277.4730

Attorneys for PLAINTIFFS THE THOMAS KINKADE
COMPANY (FORMERLY KNOWN AS MEDIA ARTS
GROUP, INC.) AND RICHARD F. BARNETT

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE THOMAS KINKADE COMPANY, FORMERLY KNOWN AS MEDIA ARTS GROUP, INC., a California corporation and RICHARD F. BARNETT,<br><br>Plaintiffs,<br><br>v.<br><br>KAREN HAZLEWOOD, JEFF SPINELLO AND THOMAS KINKADE AT THE DOWNTOWN MALL, LLC, a Virginia corporation,<br><br>Defendants. | CASE NO. C06 7034 MHP<br><br>**MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION ON JURISDICTIONAL GROUNDS OF COURT'S AUGUST 29, 2007 ORDER RE: DEFENDANTS' MOTION TO DIRECT A REHEARING OR, ALTERNATIVELY, REQUEST FOR CORRECTION OF CLERICAL ERRORS IN SAME; [PROPOSED] ORDER**<br><br>Hon. Marilyn Hall Patel |

**DENIED**
Judge Marilyn H. Patel

LAS99 1517529-4.074203.0014

MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

TO THE HONORABLE MARILYN HALL PATEL AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Local Rule 7-9, Plaintiffs The Thomas Kinkade Company and Richard F. Barnett hereby request leave to file a motion seeking reconsideration of the Court's August 29, 2007 Order re: Defendants' Motion to Direct a Rehearing (the "Rehearing Order") on the grounds that the Court lacked jurisdiction to enter the Rehearing Order or, alternatively, request that the Court correct several clerical errors in the Rehearing Order.

## MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Defendants filed a notice of appeal on August 7, 2007 (the "Appeal") seeking appellate review of this Court's (1) Order dated June 6, 2007, vacating the arbitration award in favor of Defendants, (2) Order dated July 6, 2007, denying Defendants' motion for leave to file a motion for reconsideration of that Order, and (3) Order dated July 18, 2007, vacating the award of attorneys' fees and costs to Defendants' counsel (collectively, the "Orders"). Defendants elected to exercise their right to appeal the Orders pursuant to 9 U.S.C. § 16, which permits appeals to be taken from, *inter alia*, orders vacating an arbitration award. *See also Technosteel, LLC v. Beers Construction Co.*, 271 F.3d 151 (4th Cir. 2001) (orders enumerated in 9 U.S.C. § 16(a)(1) are immediately appealable).[1] Defendants' Appeal to the Ninth Circuit Court of Appeals divested this Court of jurisdiction over any and all matters that are the subject of that appeal, including the matters addressed in Defendants Motion to Direct a Rehearing (the "Rehearing Motion").

---

[1] Soon after receiving Defendants' Notice of Appeal, Plaintiffs' counsel met and conferred with Defendants' counsel regarding the propriety of appealing this Court's Orders while at the same time seeking a modification of the relief granted in such Orders from this Court. Plaintiffs' counsel initially asserted that the appeal was premature because no final judgment was entered and asked Defendants' counsel for authority that would support their position that they could appeal the Orders. Defendants' counsel refused to provide authority. However, when Defendants' counsel filed its docketing statement with the Ninth Circuit it revealed that Defendants were appealing the Orders pursuant to 9 U.S.C. § 16, which does in fact give Defendants the right to appeal prior to a final judgment being issued. However, as described herein, it does not cure the fundamental problem originally identified by Plaintiffs' counsel – two courts cannot have jurisdiction over the same issues at the same time.

LAS99 1517529-4.074203.0014        1

1  Accordingly, upon reconsideration, the Court should vacate the Rehearing Order and deny the
2  Rehearing Motion on such grounds.[2]

3  The Orders, now on appeal, fully adjudicated the parties' cross-motions and encompass
4  any and all issues that were raised *or could have been raised* by the parties in their cross-motions
5  to vacate and confirm. Notwithstanding the pending appeal, Defendants did not withdraw the
6  Rehearing Motion, but instead pursued the motion which seeks to modify the relief granted by the
7  appealed Orders. Having elected to vest the Court of Appeals with jurisdiction, Defendants lost
8  their right and ability to seek and obtain any modifications of that relief from this Court.[3]

9  Such modification of relief subject to a pending appeal is beyond the jurisdiction of the
10  district court. In *Britton v. Co-op Banking Group*, 916 F.2d 1405 (9th Cir. 1990), the Court of
11  Appeals explained its earlier holding in *McClatchy Newspapers v. Central Valley Typo. Union
12  No.* 46, 686 F.2d 731 (9th Cir. 1982), that "the district court lacked jurisdiction to enter an
13  amended judgment while an appeal of the original judgment was pending." *Britton*, 916 F.2d at
14  1411. The Court stated: "In *McClatchy* the modified order reflected a change in the result of the
15  very issue on appeal; if allowed to stand, the appeals court would be dealing with a moving target
16  if it ruled on the revised order or, alternatively, its ruling would be obsolete if it ruled on the 'old'

---

[2] Plaintiffs' motion is made pursuant to Local Rule 7-9(b)(1) on the grounds that a material difference in fact or law exists (*i.e.*, the filing of the Appeal) since Defendants filed their Rehearing Motion. Defendants' filed their notice of appeal on the same day that Plaintiffs filed their opposition to the Rehearing Motion. Plaintiffs did not receive the notice of appeal, however, until after they had already filed their opposition to the Rehearing Motion. Therefore, it is not because of a lack of reasonable diligence that Plaintiffs did not know such fact or law at the time that they filed their opposition to the Rehearing Motion. Moreover, since the Court vacated the hearing on the Rehearing Motion, it is not because of a lack of reasonable diligence that Plaintiffs were unable to raise this issue prior to the issuance of the Rehearing Order. Therefore, leave to file a motion for reconsideration is appropriate. In any event, issues of jurisdiction can be raised at any time. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194, n.2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court.").

[3] For purposes of jurisdiction, it is immaterial that "[t]he propriety of the hearing with respect to the tort and contract claims was never argued before this court" and that "this court has made no finding in that regard." Rehearing Order, 6. What matters is that these issues could have been raised and decided before Defendants filed their Appeal, but were not. Defendants made a choice to appeal the Orders fully disposing of the parties' cross-motions and granting certain relief without waiting for a ruling on their pending Rehearing Motion from this Court. When they did so, they divested this Court of jurisdiction to grant new and different relief such as the relief granted in the Rehearing Order.

LAS99 1517529-4.074203.0014

- 2 -

MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

order." *Id.* at 1411-12. The Court's Rehearing Order presents precisely the same problem as the Court faced in *McClatchy*[4] and should be vacated for lack of jurisdiction. *See Britton*, *supra,* 916 F.2d at 1412 (9th Cir. 1990) (appeal deprives district court of jurisdiction over "matters that are the subject of the appeal"); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997) (filing of a notice of appeal pursuant to 9 U.S.C. § 16 "is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal", citing United States Supreme Court authorities); *Cambio Health Solutions, LLC v. Reardon*, 228 F. Supp. 2d 883, 885-86 (M.D. Tenn. 2002) (same, citing *Fort Gratiot Sanitary Landfill v. Michigan Dep't of Natural Resources*, 71 F.3d 1197, 1203 (6th Cir. 1995)). Plaintiffs are prepared to brief this issue more fully if granted leave to file a motion for reconsideration.

## ALTERNATIVE REQUEST FOR CORRECTION OF CLERICAL ERRORS

If the Court denies Plaintiffs leave to file a motion for reconsideration and does not, based upon this motion or *sua sponte*, vacate its Rehearing Order for lack of jurisdiction, Plaintiffs respectfully request that the Court correct the following clerical errors in the Rehearing Order:

At page 6, at the end of the first paragraph, the Rehearing Order states that "[i]n determining these damages, the Panel may not consider factual allegations not raised in the Second Amended Claim." Rehearing Order, 6 (emphasis added). Plaintiffs assume the Court intended to state that "[i]n determining these damages, the Panel may not consider factual allegations not raised in the First Amended Claim" and request that the Order be corrected to so reflect.

At page 6, in the final paragraph, the Rehearing Order states that: "Plaintiffs assert that remand to the original panel would be prejudicial, largely for reasons identified in defendants' previous submissions concerning apparent bias on the part of the arbitrators. While defendants have not provided sufficient evidence to support a finding of arbitrator bias or corruption

---

[4] The Court's June 6, 2007 Order vacated the arbitration award in its entirety and did not order a rehearing. The Court's Rehearing Order appears to now leave some of the Majority's findings intact and directs a rehearing. There is no question that the Court's Rehearing Order represents a modification of its June 6, 2007 Order, granting new and different relief.

justifying vacatur on those grounds, the record in this matter discloses a pattern of shenanigans and open acrimony among all parties that leaves this court hesitant to entrust further proceedings to the original arbitration panel." Plaintiffs assume that the Court intended to state "plaintiffs" instead of "defendants" in the two underlined instances above and request that the Order be corrected to so reflect.

Dated: September 6, 2007

Respectfully Submitted,

McDERMOTT WILL & EMERY LLP

By: /s/ Dana N. Levitt

Attorneys for Plaintiffs,
THE THOMAS KINKADE COMPANY and
RICHARD F. BARNETT

# [PROPOSED] ORDER

**DENIES**

Good cause having been shown, the Court hereby ~~grants~~ Plaintiffs leave to file a motion for reconsideration ~~and sets forth the following schedule for briefing and hearing:~~ **, an appeal having been filed before the filing of this motion and the court thereby losing jurisdiction.**

ORDERED THIS 27th DAY OF SEPTEMBER, 2007

**DENIED**
Judge Marilyn H. Patel

_____
Hon. Marilyn H. Patel
United States District Court Judge
Northern District of California